Ronnie Louis Marvel Kahapea
c/o P.O. Box 875
Volcano, Hawaii 96785
808.936.9137
Bloodwolf80@gmail.com

# IN THE UNITED STATES BANKRUPTCY COURT

# DISTRICT OF HAWAII

IN RE:
RONNIE LOUIS MARVEL KAHAPEA,

Debtor.

Case No.: 24-01025
Chapter 13

**MOTION TO COMPEL CREDITORS TO PROVIDE NECESSARY DOCUMENTS FOR THE 341 MEETING/PROOF OF CLAIM TO THE BEST EVIDENCE RULE 2001**

Dated: 12/8/2024

**COMES NOW**, RONNIE LOUIS MARVEL KAHAPEA, a debtor in the above-referenced case, filing this Motion to require the creditors, parties in this case to meet all statutory, contractual, and regulatory obligations in proving their claim against me. This Motion also preserves and invokes my right to a counterclaim in recoupment as allowed under applicable laws, and to ensure all parties compliance with federal tax and securities laws. In support of this Motion, I state the following:

### 1. Requirement for Proof of Claim Documentation

1.1 Under **Bankruptcy Rule 3001(c)(1)** and applicable law, the creditor is required to attach documentation sufficient to establish their claim. This includes, but is not limited to:

- The **original note** and **deed of trust**;

- A complete chain of title demonstrating all assignments and transfers;

- Evidence of payment or consideration for the note;

- All escrow agreements, servicing agreements, and deposits relevant to the account.

PG. 1

1.2 Additionally, under **FASB No. 95 (Statement of Cash Flows)** and related accounting principles, if the loan was already satisfied by payment in full—whether through securitization, insurance proceeds, or other methods—this must be disclosed. Failure to account for these facts may invalidate the claim.

## 2. Compliance with REMIC Requirements and Tax Law

2.1 The creditor is required to prove that the loan was properly transferred into a REMIC in compliance with IRS rules. This includes providing:

- IRS filings demonstrating the loan was included in the REMIC within the required timeline;

- Proof that the REMIC elected to treat the property as foreclosure property under IRC § 860G(d);

- Evidence that the creditor has qualified for the tax exemption as per REMIC requirements.

2.2 If these requirements were not met, the creditor must disclose whether this failure constitutes a **prohibited transaction** under IRS rules. Such failure may disqualify the creditor's claim.

2.3 To ensure accountability, copies of this Motion shall be forwarded to the **Internal Revenue Service (IRS)** and the **Securities and Exchange Commission (SEC)** for investigation of compliance with federal tax and securities laws.

## 3. Demand for Holder in Due Course and Affidavit of Interest

3.1 The creditor must prove they are the **holder in due course** of the note, as defined under **HRS § 490:3-302**, and provide an affidavit affirming they are the undisputed party in interest. The affidavit must detail:

- The exact ownership of the note;

- The terms under which the creditor acquired the note;

- Whether the note was indorsed and negotiated properly under **HRS §§ 490:3-501(3)(b)** and **3-501(2)(b)-(c)**.

3.2 The creditor must also substantiate their possession of proceeds from the note and demonstrate they have paid taxes on such proceeds. Failure to do so may render these proceeds contraband under applicable laws.

**4. Right to Counterclaim in Recoupment**

4.1 Pursuant to **HRS § 490:3-305(a)(3)**, I invoke my right to assert counterclaims and defenses in recoupment against the creditor.

4.2 The creditor is required to:

- Acknowledge my counterclaim in recoupment;

- Provide evidence sufficient to satisfy my counterclaim before pursuing any further claims.

---

The requirement for the **original mortgage deed** or **original promissory note** arises from long-standing legal principles concerning the enforcement of debts and security interests. These principles ensure that only the rightful party with a legal and enforceable claim can assert rights to collect on a debt or foreclose on a secured property.

The **Best Evidence Rule** emphasizes the use of original documents to ensure accuracy and prevent fraud. It is particularly relevant in disputes involving written agreements, financial instruments, or records critical to the case. If an opposing party in this matter relies on secondary evidence, the debtor invokes the Best Evidence Rule to demand the original or challenge the admissibility of the substitute.

This is why the **original documents** matter and why the absence of them can be challenged:

**Legal Basis for the Original Documents**

5. **Proof of Ownership:**

    o  A creditor must prove they are the **real party in interest** (i.e., the party entitled to enforce the debt).

    o  The **original promissory note** (or an authenticated copy if allowed) serves as evidence of the debt and shows the creditor's standing to collect.

6. **Enforcement of a Note:**

    a. Under the **Uniform Commercial Code (UCC)**, which governs negotiable instruments like promissory notes, only the party in possession of the **original note** with proper endorsements can enforce it (HRS 490§§ 3-301 to 3-309).

7. **Mortgage Deed as Security:**

    a. The **mortgage deed** secures the debt, and its enforceability depends on proof that the party attempting to foreclose has a valid interest in the property.

    b. Without the original or a properly recorded assignment of the mortgage, the party lacks the authority to foreclose.

8. **Risk of Fraud or Double Claims:**

    a. The absence of the original documents raises concerns about fraudulent claims or the possibility of another party later asserting a competing claim on the debt.

    b. Courts require original documents to prevent such risks and ensure the rightful creditor is the only one enforcing the debt.

    **If Originals Are Not Produced, Debtor Challenges:**

9. **Chain of Title for the Note:**

    a. If the creditor claims to have acquired the note through assignment, they must show a clear **chain of title**, including all endorsements or transfers.

b. Without the original note, the creditor may fail to demonstrate an unbroken chain of ownership.

**10. Lost Note Argument:**

   a. Creditors may attempt to use a "lost note affidavit" to bypass the requirement for the original note. However:

      i. The creditor must prove the note was lost or destroyed and demonstrate they are entitled to enforce it despite the loss, usually supported by sworn affidavit.

      ii. This opens the door for RONNIE LOUIS MARVEL KAHAPEA, the debtor to challenge the affidavit's sufficiency and the creditor's claim.

**11. Separation of Note and Mortgage:**

   a. If the note and mortgage have been separated during securitization (e.g., sold to different entities), courts have sometimes ruled that the party holding the mortgage cannot enforce the debt without holding the note.

### Why Original Documents Are Critical

- **Promissory Note**: The note represents the debt obligation, and its possession is fundamental to establishing who has the right to enforce the debt.

- **Mortgage Deed**: The deed secures the note. Without it, there is no enforceable claim to any collateral.
A creditor trying to enforce a mortgage must prove their legal right through original documentation or properly recorded assignments, verifiable through strict examination by the debtor.

### If the Originals Are Missing

**12. Demand the Originals:**

a. In the debtors bankruptcy and foreclosure defense, the debtor in this matter demands that the creditor produce the original note and mortgage.

b. The Debtor shall File an **objection to their claim** if they cannot provide them.

### 13. The Debtor hereby challenges standing:

a. The debtor asserts that the creditor lacks standing to enforce the debt if they fail to prove possession of the original documents.

### 14. The debtor hereby invokes the UCC:

a. Under UCC provisions, only the "holder" of the note or an authorized agent can enforce it. The Debtor Challenges whether the creditor meets this standard.

### 15. The debtor Raises Fraud Concerns:

a. RONNIE LOUIS MARVEL KAHAPEA Highlights the risks of fraud or double collection in cases where the original documents are not presented.

---

### BEST EVIDENCE

The **Best Evidence Rule** under the **Hawaii Revised Statutes (HRS)** refers to the legal principle requiring the **original version of a document, recording, or photograph** to be produced in court when the content of that evidence is at issue. This ensures the authenticity and reliability of the evidence presented. If the original is unavailable, a satisfactory explanation must be provided, and secondary evidence may only be admitted under specific circumstances.

**Key Features of the Best Evidence Rule:**

### 16. Purpose:

a. The rule seeks to prevent errors or fraud by ensuring that the most accurate and reliable version of the evidence (the original) is presented.

### 17. Applicability:

PG. 6

a. It applies to documents, photographs, recordings, or any tangible evidence where the **content** of the item is disputed or forms the basis of the legal argument.

   b. Common examples include contracts, wills, promissory notes, and mortgages.

**18. Exceptions to Producing the Original:**

   a. A duplicate may be admissible if:

      i. The original has been lost or destroyed (not due to bad faith).

      ii. The original is unobtainable through judicial process.

      iii. The original is in the possession of the opposing party, and they fail to produce it after being notified.

      iv. The original is not closely related to a controlling issue.

   b. Copies such as certified duplicates or authenticated reproductions may suffice.

**19. Hawaii's Specific Provisions:**

   a. Under **HRS Chapter 626, Rule 1002 (Hawaii Rules of Evidence)**:

      i. **Rule 1002** codifies the requirement for an original when proving the content of a writing, recording, or photograph.

      ii. **Rule 1004** outlines exceptions where a duplicate or other evidence of content is permissible.

**20. Authentication Requirement:**

   a. Any document or duplicate must be properly authenticated to prove it is what the proponent claims it to be.

**Best Evidence Rule in Practical Use:**

PG. 7

- **In Mortgage or Promissory Note Cases:**

    - A creditor seeking to enforce a promissory note must present the **original note** under the Best Evidence Rule to demonstrate they are entitled to collect on the debt.

    - If the creditor cannot produce the original, they must provide a credible explanation (e.g., affidavit of lost note) and sufficient evidence to establish their claim.

- **In Business Records or Contracts:**

    - Parties often attempt to introduce summaries or excerpts. Under the Best Evidence Rule, the court may require the original document unless a valid exception applies.

**Debtor's use of this Rule in Defense:**

### 21. Debtor Demands Production of the Original:

   a. Debtor RONNIE LOUIS MARVEL KAHAPEA requires the original under the Best Evidence Rule.

### 22. Debtor Challenges any/all Secondary Evidence:

   a. Debtor objects to any attempt to introduce photocopies, summaries, or hearsay versions of any document unless they meet the statutory or lawful exceptions.

### 23. Debtor wholly discredits Inadequate Explanations:

   a. Should the creditor claim the original of any document is lost or destroyed, Debtor hereby challenges its credibility if it suggests bad faith.

### 24. Debtor hereby Request Judicial Determination:

   a. Debtor requires the court to determine whether any secondary evidence meets the standard for admissibility under the rule.

**Summary:**

The debtor, Ronnie Louis Marvel Kahapea, files a motion requesting the court to compel creditors to meet all legal and regulatory obligations in proving their claims, while invoking his right to a counterclaim in recoupment, and to have all necessary documents for the meeting 341, taking place on the 18th of December 2024. This motion emphasizes:

1. **Proof of Claim Requirements**: Creditors must provide the original promissory note, deed of trust, a complete chain of title, evidence of consideration, and related agreements. Compliance with FASB No. 95 must disclose if the loan was already satisfied.

2. **REMIC and Tax Compliance**: Creditors must prove the loan's proper transfer into a REMIC, provide IRS filings, and show compliance with foreclosure property elections under IRC § 860G(d). Any prohibited transactions must be disclosed, and the Internal Revenue Services, Comptroller of the Currency and Security Exchange Commission be notified, to avoid the application of criminal charges on the creditor pursuant to 26 U.S. Code § 7201.

3. **Holder in Due Course and Standing**: Creditors must establish they are the holder in due course per HRS § 490:3-302, provide affidavits affirming interest, and demonstrate possession of proceeds with tax compliance. The debtor challenges standing if originals are not produced or the chain of title is incomplete.

4. **Best Evidence Rule**: The debtor invokes the Best Evidence Rule under HRS Chapter 626, demanding original documents and challenging secondary evidence unless legally justified.

5. **Counterclaims and Recoupment**: Asserting rights under HRS § 490:3-305(a)(3), the debtor requires creditors to acknowledge and satisfy counterclaims in recoupment.

This motion demands strict compliance with statutory and evidentiary rules to protect the debtor's rights and ensure creditor claims are legally substantiated.

PG. 9

## Conclusion

The absence of the **original mortgage deed** and **original promissory note** undermines the creditor's standing and the validity of their claim. By insisting on the originals or proper substitutes under law, I challenge the claim and potentially invalidate or reduce their ability to collect or foreclose, if in bad faith. Courts typically require strict proof of ownership to protect debtors from fraudulent or improper claims, and the Debtor hopes for an equitable trustee administration of this trust, tax, contract, and commercial law matter.

Dated: 12/8/2024

_____
Ronnie Louis Marvel Kahapea Sui Juris    H.R.S. §490:1-308